UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA GRUBBS, *et al*.,                              Case No. 1:13-cv-246
    Plaintiffs,                                      Dlott, J.
                                                     Litkovitz, M.J.
  vs.

SHEAKLEY GROUP, INC., *et al.*,                     **REPORT AND**
    Defendants.                                     **RECOMMENDATION**

    This matter is before the Court on plaintiffs'[1] motion for partial dismissal without

prejudice of plaintiffs' state law claims against the Sheakley Individual Defendants[2] and

defendant First Financial Bank, N.A. ("First Financial") for lack of subject matter jurisdiction

(Doc. 153), the Sheakley Entity Defendants'[3] response in opposition (Doc. 160), defendant First

Financial's memorandum in opposition (Doc. 163), and plaintiffs' reply memorandum (Doc.

166). This matter is also before the Court on defendant First Financial's motion to dismiss

plaintiffs' second amended complaint (Doc. 159), plaintiffs' response in opposition (Doc. 167),

and First Financial's reply memorandum (Doc. 171).

**I. Background**

    As relevant to the instant motions, in April 2013, plaintiffs filed their original complaint

against the Sheakley Individual Defendants, the Sheakley Entity Defendants, and First Financial,

among others, alleging claims under the Racketeer Influenced and Corrupt Organizations Act

---

[1] Plaintiffs are comprised of the following individual and entities: Linda Grubbs; Tri-Serve, Ltd.; Tri-Serve #1, LLC; and Capital Concepts, Inc. (*See* Doc. 153 at 1; Doc. 160 at 1).

[2] The Sheakley Individual Defendants are comprised of the following individuals: Larry Sheakley, Matt Sheakley, Thomas E. Pappas, Jr., Steve Wolf, Bryan Bundy, Maureen Surkamp, Ken Weber, Susan Fernbach, Kimberly Martin, and Heather Fair. (*See* Doc. 153 at 1; Doc. 160 at 2 n.2).

[3] The Sheakley Entity Defendants are comprised of the following entities: the Sheakley Group, Inc.; Sheakley Benefit Plans Agency, Inc.; Sheakley HR, LLC; Pay Systems of America, Inc. d/b/a Sheakley Pension Administration; Sheakley Medical Management Resources, LLC; Sheakley Enterprises, LLC; Sheakley Resolution Systems, LLC; Sheakley Retirement Plans, LLC; Sheakley-UniService, LLC; Sheakley Unicomp, Inc.; Sheakley HR I, LLC; Sheakley HR II, LLC; Sheakley HR III, LLC; Sheakley HR IV, LLC; and Sheakley HR NG, LLC. (*See* Doc. 160 at 1 n.1).

("RICO"), 18 U.S.C. §§ 1961-68; the Lanham Act, 15 U.S.C. § 1501 *et seq.*; and various state laws. (*See generally* Doc. 1). With leave of the Court, plaintiffs filed their substituted first amended complaint in April 2014. (*See* Docs. 85-87). In November 2014, the undersigned issued a Report and Recommendation that the various defendants' motions to dismiss the Lanham Act and RICO claims of the substituted first amended complaint be granted and that plaintiffs' state law claims be dismissed without prejudice. (*See generally* Doc. 129). In March 2015, the Court adopted the Report and Recommendation, granted the motions to dismiss the federal claims of the substituted first amended complaint, and dismissed the state law claims without prejudice. (*See* Doc. 140).

Plaintiffs appealed. (Doc. 141). In December 2015, the Sixth Circuit reversed the dismissal of plaintiffs' Lanham Act claims, but affirmed the dismissal of plaintiffs' RICO claims. *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 806 (6th Cir. 2015). The Sixth Circuit remanded the case for further proceedings, "in which the district court may, in its discretion, re-examine whether to reinstate any of Plaintiffs' state law claims." *Id.*

Subsequently, the parties filed a joint motion for leave to file a second amended complaint in light of the Sixth Circuit's decision so that plaintiff could "withdraw the RICO claims and streamline the remaining issues." (Doc. 145 at 1). The Court granted the motion. (Doc. 146). Plaintiffs filed their second amended complaint in January 2016. The second amended complaint does not name First Financial or the Sheakley Individual Defendants as parties to this action and does not allege any claims against them. (*See generally* Doc. 152).

## II. The Parties' Arguments

Plaintiffs move to dismiss the state law claims against the Sheakley Individual Defendants and First Financial. (Doc. 153 at 1). Plaintiffs assert that subject matter jurisdiction

over these claims was premised on supplemental jurisdiction linked to these defendants' alleged RICO violations. (*Id.* at 1-2). Plaintiffs argue that because the Sixth Circuit affirmed the dismissal of the RICO claims, no federal law basis remains to support supplemental jurisdiction over the remaining state law claims as to these defendants. (*Id.* at 2). Plaintiffs note that the Sixth Circuit's decision stated that "[t]he district court on remand should re-examine whether to exercise its discretion to hear any of the remaining state law claims." (*Id.*). Plaintiffs contend that the Court should dismiss these state law claims without prejudice because "Ohio's savings statute permits plaintiffs to [litigate these claims in state court] upon dismissal of claims other than on the merits." (*Id.* at 3).

The Sheakley Entity Defendants respond that plaintiffs' motion to dismiss "their own claims is unnecessary, legally incorrect and seeks an improper advisory opinion from this Court on jurisdictional issues regarding individuals who are no longer parties to this action, apparently to gain some advantage in state court." (Doc. 160 at 1). They argue that because plaintiffs' second amended complaint eliminated all claims against the Sheakley Individual Defendants and First Financial, "the only claims remaining in this case are Lanham Act claims and pendent state law claims against [Angelia Strunk-Zwick] and the Sheakley Entity Defendants." (*Id.* at 2). Thus, the Sheakley Entity Defendants contend that plaintiffs' motion to dismiss the state law claims against First Financial and the Sheakley Individual Defendants is "unnecessary and moot" as these defendants "effectively have been dismissed already." (*Id.* at 2-3). The Sheakley Entity Defendants argue that plaintiffs' motion is legally incorrect because it seeks to dismiss the Sheakley Individual Defendants without prejudice even though the dismissal of the RICO claims was a dismissal on the merits. (*Id.* at 3). Finally, the Sheakley Entity Defendants contend that plaintiffs' motion seeks "an impermissible advisory opinion regarding claims and parties which

are no longer before this Court." (*Id.*). The Sheakley Entity Defendants argue that the operation of the Ohio Savings Statute and the applicable state statutes of limitations are "state law issues [that] can and should be addressed by the state court when and if these claims are ever brought." (*Id.* at 3-4).

First Financial responds that there is "no authority for a *plaintiff* to move to dismiss a non-party for lack of subject matter jurisdiction." (Doc. 159 at 3). First Financial argues that plaintiffs, by their own admission, have not asserted any claims against First Financial in the second amended complaint and, thus, "claims against [First Financial] simply do not exist for [plaintiffs] to now dismiss, for any reason." (*Id.* at 3-4). First Financial contends the second amended complaint supersedes the substituted first amended complaint, such that any claim against First Financial in the prior complaint "became ineffectual." (*Id.* at 4). First Financial argues that Fed. R. Civ. P. 12(b) provides defenses that a defendant may assert and is not a basis for a plaintiff to file a motion to dismiss for lack of subject matter jurisdiction. (*Id.* at 4-5). Further, Fed. R. Civ. P. 41(a) is not applicable because it "presuppose[s] that the plaintiff has actually filed *an action* against a party such that there is something to be dismissed." (*Id.* at 5). First Financial argues that, to the extent any action is necessary, the Court should dismiss it from the action with prejudice because plaintiffs' "admitted failure to assert any claims against [First Financial] may be treated as the equivalent of failing to state a claim upon which relief may be granted" under Rule 12(b)(6). (*Id.*).

In reply, plaintiffs argue that the state law claims at issue cannot be dismissed with prejudice "because the Court did not dismiss plaintiffs' state law claims with prejudice when it had jurisdiction over these claims." (Doc. 166 at 2). Plaintiffs contend they "could not and did not assert [in the second amended complaint] their pend[e]nt state law claims against either First

4

Financial Bank or the individual Sheakley Defendants due to the lack of subject matter jurisdiction." (Doc. 167 at 2). Plaintiffs argue that by granting their motion to dismiss without prejudice, the Court will give the parties the "chance to have their day in state court." (*Id.*).

**III. Resolution**

Here, the Court already dismissed without prejudice the state law claims against First Financial and the Sheakley Individual Defendants in granting the motions to dismiss the substituted first amended complaint. (Docs. 129, 140). While the Sixth Circuit reversed the dismissal of plaintiffs' federal Lanham Act claims—which were not pled against First Financial and the Sheakley Individual Defendants—the Sixth Circuit did not reverse the dismissal without prejudice of plaintiffs' state law claims. *See Grubbs*, 807 F.3d at 806. Instead, the Sixth Circuit stated that on remand, "the district court may, in its discretion, re-examine whether to reinstate any of Plaintiffs' state law claims." *Id.* However, before the Court had an opportunity to re-examine the issue of plaintiffs' state law claims, it granted the joint motion for leave to file a second amended complaint. (Doc. 146). Plaintiffs' second amended complaint no longer names First Financial or the Sheakley Individual Defendants as parties to this action and does not allege any claims against them. (*See generally* Doc. 152).

Based on this record, there are no remaining state law claims against First Financial or the Sheakley Individual Defendants for the Court to dismiss without prejudice, as the Court already dismissed those claims. Even assuming for the sake of argument that the Sixth Circuit's decision somehow reinstated the state law claims against those defendants, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)). Thus, as plaintiffs' second amended complaint

raises no claims against First Financial or the Sheakley Individual Defendants, they are no longer parties to this action. Accordingly, plaintiffs' motion for partial dismissal should be denied as moot. Moreover, because First Financial is no longer a party to this action, its motion to dismiss the second amended complaint should be dismissed.

## IV. Conclusion

Consistent with the foregoing, **IT IS RECOMMENDED** that:

1) plaintiffs' motion for partial dismissal (Doc. 153) be **DENIED AS MOOT**;

2) First Financial's motion to dismiss (Doc. 159) be **DISMISSED**; and

3) the Clerk be **DIRECTED** to note that the following defendants have been terminated from this action as they are no longer named as defendants in plaintiffs' second amended complaint: Larry Sheakley, Matt Sheakley, Thomas E. Pappas, Jr., Steve Wolf, Bryan Bundy, Maureen Surkamp, Ken Weber, Susan Fernbach, Kimberly Martin, Heather Fair, and First Financial Bank, N.A.

Date: 5/19/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA GRUBBS, *et al.*,                                  Case No. 1:13-cv-246
      Plaintiffs,                                      Dlott, J.
                                                         Litkovitz, M.J.

      vs.

SHEAKLEY GROUP, INC., *et al.*,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).